IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY HOWLAND, | ) | CASE NO. 3:09-CV-00282 |
| | ) | |
| Plaintiff, | ) | JUDGE WALTER H. RICE |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT ESTES EXPRESS** |
| ESTES EXPRESS LINES, | ) | **LINES' MOTION TO DISMISS** |
| | ) | **AND/OR TO TRANSFER** |
| Defendant. | ) | |
| | ) | |

Now comes Defendant Estes Express Lines, by and through counsel, and pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, hereby moves to dismiss this action for lack of proper venue under 28 U.S.C. §§ 1391(a) and 1406(a).  In the alternative, to the extent that this Court concludes that the Complaint should not be dismissed, Defendant Estes moves to transfer the action to the United States District Court, Eastern District of Tennessee, Northern Division pursuant to 28 U.S.C. § 1404(a).  A memorandum in support of this Motion is attached hereto and incorporated herein for this Court's consideration.

Respectfully submitted,


/s/ Marshal M. Pitchford
Bradley A. Wright (0047090)
bwright@ralaw.com
Marshal M. Pitchford (0071202)
mpitchford@ralaw.com
ROETZEL & ANDRESS
222 South Main Street, Suite 400
Telephone:     (330) 376.2700
Facsimile:     (330) 376-4577

ATTORNEYS FOR DEFENDANT
ESTES EXPRESS LINES

2

**MEMORANDUM IN SUPPORT**

This civil action stems from an accident that occurred on May 17, 2008 in Campbell County, Tennessee along Interstate 75.  The accident involved a semi-tractor and trailer operated by Estes Express Lines and another vehicle driven by Plaintiff, Terry Howland.  His wife, Plaintiff Glenna Howland, was a passenger.  For unknown reasons, the lawsuit was filed here in Ohio.  Plaintiffs have engaged in an impermissible forum shopping.  The proper forum for this litigation is the Federal District Court in Eastern District of Tennessee.

Based upon Plaintiffs' own allegations, their causes of action all arise out of events that occurred in Tennessee.  Clearly, this suit stems from the collision between the Estes Express Lines semi-tractor and Plaintiffs' vehicle -- nothing else.  Thus, not only are Estes Express Lines and its driver residents of a different state, the claims giving rise to this litigation all arose in Tennessee.  The only possible link to Ohio is Plaintiffs' and their counsel.  Under federal law, that is simply is not enough, and venue is *not* proper here.  Accordingly, Plaintiffs' Complaint must be dismissed under Fed.Civ.R. 12(b)(3) and 28 U.S.C. §§ 1391 and 1406.

In the alternative, this action should be transferred, in the interest of justice and everyone involved, to the United States District Court, Eastern District of Tennessee, Northern Division, pursuant to 28 U.S.C. § 1404(a).[1]  Tennessee law will be controlling in this case, so common sense dictates that the District Court for Tennessee, the court more familiar with Tennessee law, should be the forum for this litigation. Moreover, every fact witness, governmental and investigative organization, emergency personnel, third-party record and document relating to this crash are in Tennessee.  As such, this Court should conclude that the action should be heard in

---

[1] Estes Express hereby reserves the right to advance all other affirmative defenses should this Court transfer and not dismiss this matter.

1619536/01/105941/0047

the United States District Court, Eastern District of Tennessee, rather than the United States District for the Southern District of Ohio.

## STATEMENT OF RELEVANT FACTS

On May 17, 2008, at approximately 10:27 p.m., the vehicle in which Plaintiffs Terry and Glenna Howland were driving collided with a semi-tractor trailer driven by Daniel Dockins. (Complaint at ¶¶ 15-18). Estes Express Lines owned the tractor and trailer driven by Mr. Dockins. (*Id.* at ¶ 20). The accident occurred in the northbound lane of Interstate 75 in Campbell County, Tennessee. (*Id.* at ¶¶ 15, 18).

Defendant Estes Express Lines is not a resident of Ohio. On the contrary, it is a Virginia corporation with its principal place of business in Richmond, Virginia. Daniel Dockins is not a resident of Ohio either.

Plaintiffs have filed this suit to recover for damages they sustained as a result of the May 17, 2008 collision. They have advanced claims in tort law and have asked for damages as a result of Estes Express Lines' alleged breach. Despite these allegations, Plaintiffs have failed to offer or allege any grounds that would subject Defendant Estes Express Lines to the jurisdiction of this particular Court and those of the State of Ohio.

## ARGUMENT

I. **PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR LACK OF PROPER VENUE.**

28 U.S.C. §1406 provides in pertinent part:

(a)     The district court of a district in which is filed a case laying venue in the wrong division or district, **shall dismiss**, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

[Emphasis added.]

4

First, Defendant Estes Express is from a different state, not Ohio. Thus, based on the plain language of the statute, this action is not properly venued in Ohio. See 28 U.S.C. § 1391(c)(1).

Second, this Court should conclude that venue is also not proper under 28 U.S.C. § 1391(c)(2). "[T]he events or omissions giving rise to the claim" alleged in the Complaint did not occur in the Southern District of Ohio. As previously discussed, the accident occurred in Campbell County, Tennessee. (Complaint at ¶¶ 15-18). Thus, any claim based in tort against Estes Express Lines arose somewhere outside the State of Ohio.

## II.  IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER THE INSTANT ACTION TO THE DISTRICT COURT OF TENNESSEE UNDER 28 U.S.C. § 1404.

If this Court were to conclude that venue is proper under 28 U.S.C. § 1391, then it should nevertheless transfer this civil action to the United States District Court, Eastern District of Tennessee, Northern Division under 28 U.S.C. § 1404(a). As set forth therein, this statute provides that, even in cases where the district court has proper venue over an action, it still may "transfer any civil action to any other district" where it might have been brought "[f]or the convenience of the parties and witnesses" or "in the interest of justice." *Id.*; *Record Data International, Inc. v. Record Data of Michigan, Inc.*, 677 F.Supp. 915, 916 (N.D. Ohio 1988). "The factors to be considered under § 1404(a) are similar to those weighed by courts in determining forum non conveniens motions; however, transfers pursuant to § 1404(a) may even be granted 'upon a lesser showing of inconvenience.'" *First Bank of Marietta v. Bright Banc Savings Ass'n*, 711 F. Supp. 893, 896 (S.D. Ohio 1988) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). Indeed, the underlying purpose of §1404(a) is to provide ease of transfer when one district is found to be more convenient. *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

5

This Court has determined that, among other things, "the factors relevant to this analysis include: (1) convenience of the parties; (2) convenience of the witnesses; (3) the interests of justice; and (4) whether the civil action might have been brought in the district to which the movant requests a transfer." *Central States, Southeast & Southwest Areas Health and Welfare Fund v. Guarantee Trust Life Ins. Co.*, 8 F.Supp.2d 1008, 1011 (N.D. Ohio 1998). "Public interests include docket congestion; the burden of trial to a jurisdiction with no relation to the cause of action; value of holding a trial in a community where the public affected live; and the familiarity of the court with the controlling law." *First Bank of Marietta*, 711 F.Supp. at 897 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). Simply stated, a court may consider any factor that may make a trial "easy, expeditious, and inexpensive." See *Helder v. Hitachi Power Tools, USA Ltd.*, 764 F.Supp. 93, 96 (E.D.Mich 1991). It should be noted that district courts have wide discretion to transfer an action under 28 U.S.C. §1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Id.*

Here, all of these factors weigh strongly in favor of transfer. All of Defendant's key witnesses reside in Tennessee or close by. Police officers that investigated the accident include Sgt. Ronald McDonald and Officer Angela Jeffers, both from Tennessee Highway Patrol. The trained emergency response personnel which according to information provided by Plaintiff would include EMT attendants K. Bruce, D. Jury and Buoyles, and every driver who saw the accident, resides in Tennessee. (Beacham Affidavit at ¶¶ 8-10). The driver Daniel Dockins lives in Knoxville, Tennessee. (*Id.* at ¶ 5). Estes Express Lines is principally located just to the east of the court in Tennessee, being situated in Richmond, Virginia. (*Id.* at ¶ 4). In contrast, travel to Ohio will be expensive.

Moreover, unlike the citizens of the Southern District of Ohio who are unaffected by this litigation, the citizens of the Eastern District of Tennessee have a strong public interest in ensuring that the case is decided in the community where they live. They bore witness to this

6

scene, and their government's resources were spent in response and to aid the individuals involved.  In short, the Southern District of Ohio simply has no interest in or relation to this suit.

The burden upon the moving party is to "show only that the forum to which he desires to transfer the litigation is *the more convenient one* vis a vis the plaintiff's initial choice." [Emphasis *sic*] *Mead Corporation v. Oscar J. Boldt Construction Co.*, 508 F. Supp. 193, 198 (S.D. Ohio 1981) (Rice, J.).  The concept that a transfer motion has to be denied "unless the balance was strongly in favor of the defendant" has been rejected. *Id.*  Thus, the issue for this Court is the determination of whether the more convenient forum for this case is the Southern District of Ohio. Quite simply, it is not.  Tennessee is the appropriate arena for this litigation.

In *Mead Corporation*, supra, the movant satisfied its burden under § 1404(a) when it showed that few of the potential witnesses were residents of the another district and when most witnesses would have to be transported to the district for trial.  The movant in *Mead* also established that the cause of action accrued in the transferee district.  The same facts have been shown by Defendant Estes herein.  (Complaint at ¶15; Beacham Affidavit).

Lastly, Plaintiffs and their counsel's residence in Ohio is of no significant import in light of the foregoing.  In *Genden v. Merrill, Lynch, Pierce Fenner & Smith*, 621 F. Supp. 780 (N.D. Ill. 1985), the court transferred an action to the Southern District of New York, stating:

> Merrill, Lynch contends that this case has substantial contact only with New York and has virtually no relevant contact with this District other than the fact that both the class representatives and their counsel reside here.
>
> * * *
>
> [T]he convenience of counsel is not one of the factors to be considered under Section 1404(a).

*Id.* at 781-82.  Plaintiffs and their counsel cannot use the fact that their lawyers have offices in Ohio to support their choice of venue.

7

This Court, in *Mead,* dealt with plaintiff's assertion that its choice of forum was entitled to "great weight" by ruling:

> Even assuming the validity of plaintiff's position, however, courts have ruled that:
>
> A large measure of deference is due to the plaintiff's freedom to select his own forum.  Yet this factor has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff. [citations omitted]

*Id.* at 198.  This Court should follow its own standard as set forth in *Mead* and conclude despite the "relevance upon a plaintiff's choice of forum, much of that significance is removed where, as here, the cause of action has little connection with the forum chosen."  *Id.*

In the end, there is no reason to support the Plaintiffs' choice of forum. The language in §1404(a) that actions can be transferred "in the interest of justice" allows the court to deter forum shopping of the sort practiced here.  In *Turner & Newall, PLC v. Canadian Universal Insurance Co.,* 652 F. Supp. 1308 (D.D.C. 1987), the court applied a standard it had set in an earlier case:

> [T]he transfer provisions in the U.S. Code, which [originated from] the common law doctrine of *forum non conveniens*, were in part intended to prevent forum shopping. . . . While choice of an advantageous forum alone might not warrant a transfer, as plaintiff asserts, when such forum shopping is considered with the other factors in this case, ie. the complete lack of nexus with the [original forum] and the relatively more convenient forum available in the [proposed transferee forum], it is clear that this case should be transferred to that district.

*Id.* at 1312.  The facts in this case closely parallel the situation in *Turner & Newall.*  There is no factual nexus between the facts of this case and the forum chosen by Plaintiffs; there is a more convenient forum in the Eastern District Court of Tennessee; and, there is apparent forum shopping being attempted.  In the interest of justice, this Court should order this action to be transferred.

8

## CONCLUSION

Clearly, the only reason that Plaintiffs filed the instant matter in the Southern District of Ohio is because they are residents of this locality. However, given the fact that all of the witnesses to the incident are located in Tennessee and because the relative ease of access to sources of proof will be easier in Tennessee than in Ohio, the case should be dismissed or transferred to Tennessee.  It is undeniable that the cost of compelling unwilling witnesses, the cost of obtaining willing witnesses and the cost in simply attempting to litigate a case in Ohio when all the evidence is located in Tennessee, is prohibitive.  Additionally, Ohio residents have no interest in determining the outcome of an incident that occurred in Tennessee. Given the fact that the incident occurred in Tennessee and that Tennessee law will apply to the instant matter, quite obviously, Tennessee is more interested in resolving this case than is Ohio. Accordingly, this case should be dismissed or, in the alternative transferred to Tennessee.

For these reasons, Defendant Estes Express Lines respectfully requests that this Court dismiss this action for lack of proper venue under 28 U.S.C. § 1391(a).  In the alternative, to the extent that this Court concludes that the Complaint should not be dismissed, Defendant requests that the Court transfer the action to the United States District Court, Eastern District of Tennessee, Northern Division pursuant to 28 U.S.C. § 1404(a).

1619536/01/105941/0047

Respectfully submitted,


/s/ Marshal M. Pitchford
Bradley A. Wright (0047090)
bwright@ralaw.com
Marshal M. Pitchford (0071202)
mpitchford@ralaw.com
ROETZEL & ANDRESS
222 South Main Street, Suite 400
Telephone:     (330) 376.2700
Facsimile:      (330) 376-4577

ATTORNEYS FOR
DEFENDANT ESTES EXPRESS LINES

10

1619536/01/105941/0047

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing has been

served upon the following parties via the Court's electronic filing system and U.S. Regular Mail

this 22nd day of September, 2009:

Douglas D. Brannon, Esq.
Brannon & Associates
130 W. Second Street
Suite 900
Dayton, OH 45402

ATTORNEY FOR PLAINTIFFS


/s/ Marshal M. Pitchford_____

1619536/01/105941/0047