# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TERRY HOWLAND, et al., | : | |
| Plaintiffs, | : | Case No. 3:09cv00282 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| ESTES EXPRESS LINES, et al., | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I. Introduction

Plaintiffs Terry Howland and Glenna Howland, residents of Dayton, Ohio, each allege they were injured in a motor vehicle accident involving a tractor-trailer truck owned by Defendant Estes Express Lines. Plaintiffs claim that Defendant Estes violated the Interstate Transportation Act, "49 U.S.C. §13101, *et seq*. and/or specific orders and regulations promulgated thereunder...." (Doc. #2 at ¶22). Plaintiffs also claim, in part, that Defendant Estes negligently entrusted the tractor-trailer truck involved in the accident to an inexperienced and incompetent driver.

Plaintiffs' Complaint asserts the existence of federal question jurisdiction under 28 U.S.C. §§1331 and 1337 as well as diversity jurisdiction under 28 U.S.C. §1332.

This case is before the Court upon the Complaint, Defendant Estes' Motion to Dismiss and/or To Transfer (Doc. #3), Plaintiffs' Response in Opposition (Doc. #4),

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Defendant Estes' Reply (Doc. #5), and Defendant Estes' Notice of Additional Authority (Doc. #9).

## II.     Plaintiffs' Complaint

The accident at issue occurred in Campbell County, Tennessee. Plaintiffs allege that around 10:30 p.m. on or about May 17, 2008, Plaintiff Terry Howland was lawfully operating his motor vehicle traveling north on I-75 in Campbell County, Tennessee. Plaintiff Glenna Howland was a passenger in the vehicle. Plaintiffs allege, "At this same time and place, the [sic] Daniel Dockins was operating a tractor-trailer in the scope and course of his employment with Defendant Estes ... and was also traveling northbound on I-75 in Campbell County, Tennessee. Dockins was operating his tractor-trailer behind Plaintiff's vehicle and as traffic slowed he negligently failed to maintain an assured clear distance and/or negligently failed to use due care and struck the lawfully proceeding Plaintiff's vehicle in the rear. Dockins was cited and convicted of Failure to Use Due Care...." (Doc. #2 at ¶s 17-19).

Plaintiffs claim, "As a direct and proximate result of the aforesaid collision, they "sustained severe and permanent injuries to their back(s) and neck(s), as well as other parts of their body, have suffered extreme pain and anguish therefrom and due to the severe and permanent nature of their injuries they shall continue to suffer extreme pain and anguish into the future." *Id.* at ¶25.

Plaintiffs state in their Complaint that Defendant Estes is a corporation, licensed and doing business in Virginia and Tennessee. Plaintiffs further indicate that Defendant Estes is incorporated in Virginia, and its principal place of business is in the City of Richmond, Virginia. *Id.* at ¶s 9-10.

## III.     Discussion
### A.     Dismissal is Unwarranted

Defendant Estes contends that dismissal of this case for improper venue is

warranted under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1406(a).  Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

"Plaintiffs bear the burden of establishing that venue is proper once an objection to venue has been raised, and must demonstrate that venue is proper for each claim asserted in their complaint."  *Centerville ALF, Inc. v. Balanced Care Corp*., 197 F.Supp.2d 1039, 1046 (S.D. Ohio 2002)(Rice, Chief D.J.).

As noted above, *supra*, at p. 1, Plaintiffs' Complaint asserts a claim under the Interstate Transportation Act and thus asserts subject matter jurisdiction based on the existence of a federal question.  The Complaint also asserts subject matter jurisdiction based on the parties' diverse citizenship.  *Id*. at ¶2.  In this situation – when subject matter jurisdiction is not founded solely on diversity of citizenship – venue is determined under 28 U.S.C. §1391(b), which states:

> A civil action ... may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omission giving rise to the claim occurred, or a substantial part of the property that is the subject matter of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Defendant Estes maintains that venue is improper in this District under 28 U.S.C. §1391(b)(2)[2] because the accident occurred in Tennessee, and thus, "any claim based in tort against Estes Express Lines arose somewhere outside the State of Ohio."  (Doc. #3 at 5).  This contention is well taken to the extent it asserts that venue in Southern Ohio is

---

[2] Defendant Estes cites to §1391(c)(2), which does not contain numerical subdivisions, but the substance of Defendant Estes' argument tracks §1391(b)(2).  (Doc. #3 at 5).

3

improper under §1391(b)(2) since the main allegations of the Complaint concern the motor vehicle accident that occurred in Tennessee.  Consequently, a substantial part of the events occurred outside Ohio leaving venue here improper under §1391(b)(2).  Yet, this conclusion does not end the venue analysis.

Section 1391(b) uses the disjunctive "or," and consequently, its plain language alternatively lists three proper venue locations.  *See* WRIGHT, MILLER & COOPER, Federal Practice & Procedure: Jurisdiction 3d, §3806.1 (Section 1391(b)(2)'s "transactional venue provision is available to litigants as an alternative to the provisions found in ... [§]1391(b)(1) that permit venue to be based on the residence of the defendants; that is, venue can be laid in a district if either the transactional or the residential provision is satisfied.").  Thus, Defendant Estes' correct, albeit too-narrowly focused, argument – that venue is not proper in this Court under §1392(b)(2) – leaves the door open for Plaintiff to show that venue is proper under §1391(b)(1) or (3).

This leads Plaintiffs to argue that Defendant Estes resides in Ohio, making venue proper here under §1391(b)(1) and §1391(c), which provides:

> For purposes of venue..., a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

28 U.S.C. §1391(c).  Plaintiffs point out that Defendant Estes does not assert lack of personal jurisdiction, and they argue that Defendant Estes could not effectively assert lack of personal jurisdiction "as it is an enormous international trucking company that not only engages in trucking throughout the [S]tate of Ohio but actually has six trucking terminals located in Ohio."  (Doc. #4 at 4).  These contentions are well taken.  Defendant Estes has not raised a Motion to Dismiss for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2) and has therefore waived this argument.  *See Centerville ALF, Inc.*, 197 F.Supp.2d at 1048.  Indeed, Defendant Estes states, "Estes Express Lines never contested personal jurisdiction."  (Doc. #5 at 2).  Defendant Estes, moreover, has not contested Plaintiffs' assertions that it engages in trucking throughout Ohio or that it has an actual

4

physical presence in Ohio through its six Ohio trucking terminals.  Plaintiffs have therefore made a prima facie showing of general personal jurisdiction through Defendant Estes' purported continuous and systematic contacts with Ohio.[3]  *See Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445-46 (1952).

Defendant Estes argues that personal jurisdiction does not equate to proper venue.  While venue and personal jurisdiction are distinct concepts, *see Centerville ALF, Inc.*, 197 F.Supp.2d at 1047; *see generally*, WRIGHT, MILLER & COOPER, Federal Practice & Procedure: Jurisdiction 3d, §3801, through the plain language of §§1391(b)(1) and (c), Congress has effectively equated the two concepts for the limited task of determining where a corporate defendant resides for venue purposes.

Defendant Estes also relies on *Webb v. Brandon Express, Inc.*, 2009 WL 5210097 (D.Colo. 2009) where the district court granted the defendant's motion to dismiss for lack of personal jurisdiction and improper venue.  Defendant Estes argues, "Like *Webb*, plaintiffs' alleged injuries in this case occurred in Tennessee.  That is where the accident took place.  There are no damages caused by any conduct in Ohio.  As such, this Court should decline to find personal jurisdiction over Defendant Estes Express."  (Doc. #9 at 2).  Defendant Estes' reliance on *Webb* is misplaced because the plaintiffs in *Webb* unsuccessfully attempted to assert personal jurisdiction over the defendants.  *Webb*, 2009 WL 5210097 at *3-*4.  In contrast, Plaintiffs in the present case have made a prima facie showing of general personal jurisdiction.  Given this, the Court may exercise personal jurisdiction over Defendant Estes "'even if the action is unrelated to the defendant's

---

[3] This conclusion should not be read as a conclusive determination that Defendant Estes will in every case be subject to general personal jurisdiction in this Court.  The existence of general jurisdiction in this case is limited under 28 U.S.C. §1391(c) to "the time the action is commenced" and is thus based on the limited information provided by Plaintiffs' allegations rather than being based on a more fully developed record.

contacts with the state.'"  *Bird*, 289 F.3d at 873 (citation omitted).  In addition, unlike the defendants in *Webb*, Defendant Estes previously acknowledged that it "never contested personal jurisdiction" (doc. #5 at 2), and Defendant Estes has focused its venue arguments, not on the absence of personal jurisdiction, but on the occurrence of the accident outside Ohio, in Tennessee.  While Defendant Estes' focus establishes that venue is not proper in Ohio under 28 U.S.C. §1391(b)(2), venue can exist in more than one forum.  *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356 (2nd Cir. 2005).  And for the reasons set forth above, venue is likewise proper in this Court under 28 U.S.C. §§1391(b)(1) and (c).

Accordingly, because Plaintiffs have shown that venue of this case is proper in Ohio under 28 U.S.C. §1391(b) and (c), dismissal for improper venue under 28 U.S.C. §1406 is unwarranted.  *See Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th Cir. 2002) ("Section 1406(a) applies only where venue is improper."); *see also Centerville ALF, Inc.*, 197 F.Supp.2d at 1048.

### B. <u>Transfer is Warranted</u>

Defendant Estes alternatively seeks an Order transferring this case to the United States District Court for the Eastern District of Tennessee, Northern Division under 28 U.S.C. § 1404(a), which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

Defendant Estes, the moving party, bears the burden of demonstrating that a change of venue is warranted.  *See Centerville ALF, Inc.*, 197 F.Supp.2d at 1049 (and cases cited therein); *see also Pearle Vision, Inc.*, 2009 WL 73727 at *8.

"In ruling on a motion to transfer under §1404(a), a district court should consider the private interests of the parties, including witnesses, as well as other public interest

6

concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)(citation omitted).  "Although there is no definitive list of factors that must be considered in determining whether a change of venue is warranted, the district court may consider a number of case-specific factors, including but not limited to: 1) the nature of the suit; 2) the place of the events involved; 3) the relative ease of access to sources of proof; 4) the nature and materiality of testimony to be elicited from witnesses who must be transported; 5) the respective courts' familiarity with the applicable law and the conditions of their dockets; and 6) the residences of the parties." *Centerville ALF, Inc.*, 197 F.Supp.2d at 1049 (footnote and citations omitted).

  Defendant Estes has demonstrated that a transfer of venue under 28 U.S.C. §1404(a) is appropriate.  Both the nature of this suit and the place of the events involved favor a transfer to Tennessee rather than retaining the case in Ohio.  The main events – the motor vehicle accident and Plaintiffs' alleged injuries – occurred in Tennessee, not Ohio.  The relative ease of access to sources of proof favors a transfer to Tennessee because the witnesses who saw the accident reside in Tennessee; the police officers who investigated the accident, Sgt. McDonald and Officer Jeffers, are both with the Tennessee Highway Patrol; and the emergency medical technicians reside in Tennessee.  *See* Doc. #3 at 6 (citing Beacham Affidavit, ¶s 4-5, 8-10).  These witnesses to the accident and results of the accident and related documents, such as police reports and statements witness provided to police, are located in Tennessee.  All of this potential evidence (testimonial and documentary) is beyond the reach of this Court's subpoena power but is more likely within the subpoena power of the U.S. District Court in Eastern District of Tennessee, Northern Division, which encompasses Campbell County, Tennessee where the accident occurred.  *See* 28 U.S.C. §123(a)(1).  The fact that non-party witnesses reside in Tennessee and that documents related to the accident are in Tennessee favors placing venue of this case where both parties have equal and relatively easy access to them and

where such equal and relatively easy access may not exist in Ohio. "Courts routinely transfer cases when the principal events occurred and the principal witnesses are located in another district." *Berman v. Informix Corp.*, 30 F.Supp.2d 653, 658 (S.D.N.Y. 1998)(citations omitted).

 Plaintiffs contend that venue of this case should not be transferred to Tennessee because their private interest in their choice of forum in Ohio should not be disturbed unless the balance of factors strongly favors a transfer, which it does not. "A large measure of deference is due to the plaintiff's freedom to select his own forum. Yet this factor has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff." *Mead Corp. v. Oscar J. Boldt Const. Co.*, 508 F.Supp. 193, 198 (S.D. Ohio 1981)(Rice, D.J.); *see Berman*, 30 F.Supp.2d at 659; *see also Job Haines Home for the Aged v. Young*, 936 F.Supp. 223, 228 (D.N.J. 1996)(and cases cited therein). "The preference for honoring a plaintiff's choice of forum is simply that, a preference... not a right." *Young*, 936 F.Supp. at 229. The central events and misconduct alleged in the Complaint concern the motor vehicle accident in Tennessee and Defendant Estes' decision and act of hiring of driver Daniel Dockins. None of this occurred in Ohio. As a result, the fact that Plaintiffs chose to file this case in Southern Ohio has minimal weight or value. *See Mead Corp.*, 508 F.Supp. at 198. Alternatively, giving Plaintiffs' choice of forum a measure of deference, the above analysis of the applicable factors along with the fact that none of the misconduct alleged in the Complaint occurred in Ohio strongly weigh in favor of transferring the case to Tennessee.

 Plaintiffs also contends that Defendant Victoria Insurance Company of Cleveland, Ohio (Doc. #2 at 1) possesses relevant documentary evidence in Ohio. Plaintiffs have not served Defendant Victoria Insurance Company with summons or the Complaint and there is no indication in the record of this case that Victoria Insurance Company has waived service or appeared as a party in this case. In addition, whatever documents Victoria Insurance Company possess at their address in Cleveland, Ohio are beyond this Court's

compulsory subpoena power. The presence in Cleveland, Ohio of the Victoria Insurance Company and its documents does not favor keeping venue in Ohio or against transferring venue to Tennessee.

Plaintiffs emphasize that their witnesses and medical records are in Ohio. Yet this fact does not overcome the factors discussed above. Plaintiffs can execute authorizations for the release of their medical records in Ohio. They are, therefore, essentially in control of access to these documents. As a result, the fact that such evidence exists in Ohio weighs the same as the fact that Defendant Estes doubtlessly possesses documents outside Ohio, including, for example, documents relating to driver Daniel Dockins.

Plaintiffs lastly argue that the interests of justice require a denial of Defendant Estes' Motion to Transfer Venue because the law of the transferor court will apply and thus their claim against Defendant Victoria Insurance Company will be governed by Ohio law, with which this Court is more familiar than the U.S. District Court in Tennessee. Again, however, the Victoria Insurance Company is not a party to this case and most, if not all, of the remaining claims set forth in the Complaint arise under federal law. *See* Doc. #2 at 4-7. Both this Court and the U.S. District Court in Tennessee are equally familiar and able to resolve such claims. Plaintiffs' interests-of-justice arguments therefore lack merit.

Accordingly, Defendant Estes has met its burden of showing that transfer of venue of this case to Tennessee under 28 U.S.C. §1404(a) is warranted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Estes Express Lines' Motion to Dismiss (Doc. #3) under 28 U.S.C. §1406(a) be DENIED;

2. Defendant Estes Express Lines' Motion To Transfer (Doc. #3) under 28 U.S.C. §1404(a) be GRANTED; and

3. The Clerk of Court be directed to transfer this case to the United States District Court for the Eastern District of Tennessee, Northern Division.

February 24, 2010

                 s/ Sharon L. Ovington
                  Sharon L. Ovington
              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).